*60
OPINION.

Lansdon:
The only questions remaining for the Board to determine are as to the salaries allowable under the law to Ernest E. and Elbert E. Smith for the years 1917, 1918 and 1919, and what percentage should be allowed for exhaustion, wear and tear, and obsolescence of taxpayer’s properties. The law governing the allowance for salaries is:
For 1917, — section 12, Act of September 8, 1916:
* * * Sucli net income shall be ascertained by deducting from the gross amount of its income received within the year from all sources—
First. All the ordinary and necessary expenses paid within the year in the maintenance and operation of its business and properties, * * *.
For 1918 and 1919, — Revenue Act of 1918:
See. 234. (a) That in computing the net income of a corporation * * * there shall be allowed as deductions:
(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered, * * *
The salaries paid for 1917 were $18,000 each; for 1918, $14,000 each; and for 1919, $12,000 each. The Commissioner allowed for each of the three years a total payment of $20,000 for the salaries of the two men.
It is somewhat difficult to determine a reasonable allowance for salary. In the instant case there is now no dispute as to the earnings for the several years involved, the necessary expenses other than these two salaries, or the invested capital, except as that is affected by the salary allowances for the years 1917 and 1918. The Commissioner states in paragraph 3 of his answer that “ the net income for 1917, 1918 and 1919, after deduction of the salaries claimed, represents a return on the invested capital of 7.97 per cent, 8.59 per cent, and 10.31 per cent, respectively.” All circumstances considered, we are of the opinion that this is a fair return on the investment and that the salaries paid were reasonable.
We have found as a fact that the average useful life of the machinery, furniture, etc., of the corporation was not in excess of ten years. The taxpayer’s prayer that it be allowed a deduction of 10 per cent for exhaustion, wear and tear, and obsolescence is, therefore, sustained.
The Commissioner having admitted that the petitioner is right in all other matters involved in the appeal, judgment is directed accordingly.
Judgment will be entered on 15 days' notice, under Buie 60.